# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
_____X

AKEABA T. WILLIAMS,         Index No.:

      Plaintiff,        **SUMMONS**

  -against-        The basis of this venue is:
       Plaintiff's address

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendant.
_____X

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Suffolk at the office of the Clerk of said Court at 1 Court Street, Riverhead, NY 11901 in the County of Suffolk, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: February 1, 2021

      _____
      Subhan Tariq, Esq.
      The Tariq Law Firm, PLLC
      Attorney for Plaintiff
      34-18 Northern Blvd – Suite 2-25
      Long Island City, NY 11101
      Tel: (718) 674-1245

NOTE: The laws or rules of court provide that:

    a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY days after such service; or

    b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendant's address:

Portfolio Recovery Associates, LLC
140 Corporate Boulevard
Norfolk, VA 23502

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
_____X

AKEABA T. WILLIAMS,                                                      Index No.:

      Plaintiff,

v.                                                                                      **VERIFIED COMPLAINT**

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendant.
_____X

Plaintiff, Akeaba T. Williams ("Plaintiff"), by and through her attorney, Subhan Tariq, Esq., as and for her Complaint against Defendant, Portfolio Recovery Associates, LLC, (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## **PARTIES**

1. Plaintiff Akeaba T. Williams is a resident of State of New York and currently resides at 25 Mohawk Drive, North Babylon, NY 11703.

2. Defendant Portfolio Recovery Associates, LLC is a company engaged in the business of collecting debts with a principal place of business located at 140 Corporate Boulevard, Norfolk, VA 23502.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

4. Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

1

## FACTUAL ALLEGATIONS

5. Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

6. On December 11, 2019, Plaintiff ran her Experian credit report and noticed that Defendant was reporting an account ("PRA account") on her Experian credit report.

7. Plaintiff then sent a dispute letter, dated January 28, 2020, to Defendant wherein Plaintiff informed Defendant that the PRA account, reporting on her Experian credit report, was not her account.

8. As a result of Plaintiff's dispute letter to Defendant, Defendant sent a letter, dated February 5, 2020, to Plaintiff.

9. Defendant's letter informed Plaintiff: "In response to your dispute . . . [Defendant] has enclosed additional documentation for your review."

10. Defendant's validation documentation included an account statement for the billing cycle of September 13, 2016 to October 12, 2016. This account statement showed that the PRA account became delinquent on or around November 9, 2016.

11. However, Defendant did not provide Plaintiff with notice that the statute of limitations on the PRA account had expired.

12. Notably, the original creditor of the PRA account is Capital One Bank (USA), N.A.

13. Therefore, the statute of limitations on the PRA account expired on December 1, 2019.

14. Defendant has practiced unfair and deceptive means in its attempt to collect a debt, violating the catchall provision of the FDCPA designed to prevent such behavior.

15. These are clearly tactics to misinform, mislead, harass, or deceive consumers about the nature and status of their account so as to assist Defendant in its goal of collecting on debt from these consumers.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

16. Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

17. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

18. Defendant is in violation of 15 U.S.C. §1692e – preface by not providing Plaintiff with notice that the statute of limitations on the PRA account had expired.

19. 15 U.S.C. § 1692e(2) prohibits a debt collector from communicating false or misleading representations to a consumer regarding the character, amount, or legal status of the alleged debt.

20. Defendant is in violation of 15 U.S.C. §1692e(2) by not providing Plaintiff with notice that the statute of limitations on the PRA account had expired.

21. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

22. Defendant is in violation of 15 U.S.C. §1692e(10) by not providing Plaintiff with notice that the statute of limitations on the PRA account had expired.

23. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

24. Defendant is in violation of 15 U.S.C. § 1692f – preface by not providing Plaintiff with notice that the statute of limitations on the PRA account had expired.

25. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that Defendant's practices violated the FDCPA; and

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 1, 2021

                                      Respectfully submitted,

                                      _____

Subhan Tariq, Esq.
Attorney I.D.# 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

## VERIFICATION

Akeaba T. Williams, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Akeaba T. Williams, Plaintiff

Sworn to before me this 1st day of February, 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 2021